**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.  9:22-cv-81569-AMC

LEGACY KNIGHT STRATEGIC
OPPORTUNITIES FUND-PARALLEL
SERIES,

      Plaintiff,

v.

WILLIAM "BEAU" WRIGLEY, JR.,
JAMES HOLMES, JAMES
WHITCOMB, SH PARENT INC. d/b/a
PARALLEL, and SURTERRA
HOLDINGS, INC.

      Defendants.

_____

**ANSWER TO COMPLAINT**

Defendants SH Parent Inc. d/b/a Parallel ("Parallel"), Surterra Holdings Inc., ("Surterra," together with Parallel, the "Company") and James Whitcomb (together with the Company, "Defendants") hereby answer the numbered paragraphs of the Complaint ("Complaint") (Dkt. No. 1) filed by Plaintiff Legacy Knight Strategic Opportunities Fund-Parallel Series ("Legacy Knight") as set forth below.

**INTRODUCTORY STATEMENT**

The Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument.  Many of the Complaint's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings.  Accordingly, by way of general response, all allegations in the Complaint are denied unless expressly and specifically admitted.  Any factual allegation admitted below is

Saul Ewing, LLP

admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the Complaint as a whole.

Unless otherwise noted, Defendants deny knowledge or information sufficient to form a belief as to the truth of any allegation relating to any other entity, any other defendants, or any other person.  Defendants further respectfully submit that the Complaint contains numerous purported allegations that constitute legal conclusions.  Defendants are not required to respond to legal conclusions in their Answer, but to the extent a response is required, Defendants deny such allegations, unless otherwise stated.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## <u>SPECIFIC RESPONSES</u>

1.      Defendants admit that Beau Wrigley, Jr. is a defendant in this action and that the Complaint alleges claims under Section 10(b) and 20(a) of the 1934 Securities Exchange Act, SEC Rule 10b-5, and the Georgia Uniform Securities Act of 2008, among other claims.  Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit that the Legacy Knight invested $7.4 million through a Simple Agreement for Future Equity.  Defendants admit that the Company previously announced that it planned to go public by merging with a SPAC and that the planned merger was ultimately not consummated.  The remaining allegations in Paragraph 2 contain conclusion of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit that Legacy Knight funded its $7.4 million investment on September 20, 2021.  The remaining allegations in Paragraph 3 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 3.

Saul Ewing, LLP

4.      Paragraph 4 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

a.      Defendants admit that the Company incurred approximately $145 million of junior debt, $165 million of senior debt, and $13.5 million in debt to PE Fund. Paragraph 4, subsection (a) contains allegations relating to defaults of debt under certain loan agreements. Defendants therefore respectfully refer the Court to the relevant loan agreements for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 4, subsection (a) contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 4, subsection (a).

b.      Defendants admit that the Company incurred approximately $44 million in debt to Green Health.  Paragraph 4, subsection (b) contains allegations relating to defaults of debt under the Green Health Notes.  Defendants therefore respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 4, subsection (b) contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 4, subsection (b).

c.      Defendants deny the allegations in Paragraph 4, subsection (c).

d.      Defendants admit that the Company entered into the PE Fund Note on June 30, 2021.  Paragraph 4, subsection (d) contains allegations relating to the terms of certain loan agreements, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the relevant loan agreements, including the PE Fund Note, for their full context and meaning and deny the allegations to the extent the allegations conflict with

Saul Ewing, LLP

3

the contents and meaning.  The remaining allegations in Paragraph 4, subsection (d) contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 4, subsection (d).

      e.      Defendants deny the allegations in Paragraph 4, subsection (e).

      f.      Defendants deny the allegations in Paragraph 4, subsection (f).

      5.      Paragraph 5 contains allegations regarding Wrigley's "intent" to which Defendants lack sufficient knowledge to admit or deny such allegations.  Defendants admit that Wrigley had committed to invest funds in the SAFE, and that Wrigley invested $10.6 million in the SAFE. Defendants further admit that the Company made a $3 million payment on the principal of the PE Fund Note.   Defendants otherwise deny the allegations in Paragraph 5.

      6.      Defendants admit that the Company had incurred more than $350 million in debt by the end of June 2021 and that there was an industry-wide decline in the cannabis industry. Paragraph 6 contains allegations relating to defaults of debt under certain loan agreements. Defendants therefore respectfully refer the Court to the relevant loan agreements for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 6 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 6.

      7.      Paragraph 7 contains allegations relating to certain financial projections. Defendants therefore respectfully refer the Court to the relevant financial projections for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that the Company reduced its revenue projections and EBITDA projections for 2022 between August 2021 and January 2022.  Paragraph 8 contains allegations relating to certain financial projections.  Defendants therefore respectfully refer the Court to the relevant financial projections for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that the Company was negotiating a potential SPAC transaction with Ceres, which transaction was never consummated.  Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 regarding Wrigley's subjective understanding and motives and, on that basis, deny those allegations.  Defendants otherwise deny the allegations in Paragraph 9.

10.     Defendants admit the Company was negotiating a potential SPAC transaction, which transaction was never consummated, and that the Company then shifted to seeking a private acquisition.  Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that Legacy Knight invested $7.4 million through the SAFE on September 20, 2021, but otherwise deny the allegations in Paragraph 12.

13.     Paragraph 13 contains allegations relating to defaults of debt under certain loan agreements.  Defendants therefore respectfully refer the Court to the relevant loan agreements for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 13.

Saul Ewing, LLP

14.     Defendants admit that PE Fund sent a default notice to the Company in November 2021.  Defendants respectfully refer the Court to the relevant notices for their full context and meaning and deny the allegations in Paragraph 14 to the extent they conflict with these documents. Defendants admit that Wrigley resigned as CEO in November 2021.  Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants admit that junior creditors sent notices following PE Fund's default notice. Defendants respectfully refer the Court to the relevant notices for their full context and meaning and deny the allegations in Paragraph 15 to the extent they conflict with these documents. Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Paragraph 17 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Legacy Knight invested $7.4 million in the SAFE. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 18 and, on that basis, deny them.

19.     Defendants deny that Parallel's principal place of business is in Georgia. Defendants admit the remaining allegations in Paragraph 19.

20.     Defendants deny that Surterra Holdings Inc.'s principal place of business is in Georgia.  Defendants admit the remaining allegations in Paragraph 20.

21.     Defendants admit that PE Fund is a Delaware limited partnership and a holder of the Company's Senior Notes.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 21 and, on that basis, deny them.

Saul Ewing, LLP

22.     Defendants admit that Green Health is a Delaware limited partnership and a holder of convertible secured notes issued by the Company.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 22 and, on that basis, deny them.

23.     Defendants admit that Wrigley initially invested in the Company in 2017, that Wrigley became Chairman and CEO of the Company in 2019, and that Wrigley resigned as CEO of the Company on November 19, 2021.  Defendants lack sufficient information to admit or deny the allegation that Wrigley controlled Green Health and PE Fund and, on that basis, deny them.

24.     Defendants admit that Holmes was a director at Parallel from September 2017 through November 2021, as well as its Chief Strategy Officer from January 2019 through December 2021.  Defendants lack sufficient information to admit or deny the allegation in Paragraph 24 relating to Holmes's residence and, on that basis, deny it.

25.     Defendants admit that Whitcomb was the Company's Chief Development Officer until November 19, 2021 when he replaced Wrigley as CEO.  Defendants deny that Whitcomb is currently CEO.  Defendants deny that Whitcomb resides in Florida.

26.     Paragraph 26 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     Paragraph 27 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that Wrigley became Chairman and CEO of the Company in the second half of 2018 and that the Company incurred debt in 2018. Defendants deny the remaining allegations in Paragraph 29.

Saul Ewing, LLP

30.     Defendants admit that the Company issued Senior Notes with a face amount of $165.5 million in or around October 2018, with a maturity date of October 16, 2028.  Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31, and respectfully refer the Court to the Note Purchase Agreement for a complete and accurate description of the terms governing the Senior Notes.

32.     Paragraph 32 contains allegations about the specific terms of the Note Purchase Agreement and the Guarantee and Collateral Agreement, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Note Purchase Agreement and the Guarantee and Collateral Agreement for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

33.     Defendants admit that PE Fund is a holder of the Senior Notes in the amount of $91.2 million.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 33 and, on that basis, deny them.

34.     Paragraph 34 contains allegations about the Junior and Senior Notes, the PE Fund Note, and the Bergmann Settlement.  Defendants therefore respectfully refer the Court to the relevant documents for their full meaning and context and deny the allegations to the extent the allegations conflict with the contents and meaning.  Legacy Knight's allegations relating to the default of the Junior and Senior Notes and the breach of "various financial test[s] and additional covenants" are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.

Saul Ewing, LLP

35.     Paragraph 35 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Company did not state to Legacy Knight that the Company was in default, but otherwise deny the allegations in Paragraph 35.

36.     Defendants admit that the Company issued a Junior Note with a face amount of approximately $145 million on May 7, 2021 and that the holder of the Junior Note, SAF Group, is based in Canada.  Defendants respectfully refer the Court to the Junior Note for its full context and meaning and deny the allegations in Paragraph 36 to the extent they conflict with the Junior Note's contents and meaning.

37.     Defendants admit that the Company used the Junior Note funds to acquire NETA in 2019.  Paragraph 37 additionally contains allegations about the specific terms of the Junior Note, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Junior Note for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

38.     Defendants admit that the Company issued a series of notes to Green Health. Paragraph 38 contains allegations about the specific terms of the Green Health Notes, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

39.     Defendants admit that Wrigley was Chairman and CEO of the Company when the Green Health Notes were negotiated.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 39 and, on that basis, deny them.

40.     Paragraph 40 contains allegations about the specific terms of the Green Health Notes, the text of which provides the best evidence of those terms.  Defendants therefore

Saul Ewing, LLP

respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants lack sufficient knowledge to admit or deny the allegation relating to Wrigley's motive and/or intent and, on that basis, deny the allegation.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit that Holmes was involved in negotiating these terms on behalf of Green Health Endeavors, and that Holmes served as an officer and director of the Company during this time, but denies the characterization of these facts. The Company lacks sufficient knowledge to admit or deny whether Holmes reported directly to Wrigley while negotiating on behalf of Green Health Endeavors and, on that basis, denies the allegation. Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 42 relating to Legacy Knight's knowledge or insight and, on that basis, deny them.  Defendants admit that the Company issued a series of notes to Green Health.  Paragraph 42 contains allegations about the specific terms of the Green Health Notes, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 42 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit that the Company issued a $6 million note to Green Health in January 2021 and that the Company made a $6 million payment to Bergmann in January 2021. Paragraph 43 contains allegations about the specific terms of the Green Health Notes, the text of

which provides the best evidence of those terms. Defendants therefore respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants otherwise deny the allegations in Paragraph 43.

44.     Paragraph 44 contains allegations about the specific terms of the Third and Fourth Amended Green Health Notes, the text of which provides the best evidence of those terms. Defendants therefore respectfully refer the Court to the Third and Fourth Amended Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants lack sufficient knowledge to admit or deny the allegation relating to Wrigley's motive and/or intent and, on that basis, deny the allegations. Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants admit that the Company entered into a forbearance agreement with Green Health on May 7, 2021. Paragraph 45 contains allegations relating to the Third and Fourth Amended Green Health Notes and the forbearance agreement. Defendants therefore respectfully refer the Court to the Third and Fourth Amended Green Health Notes and the forbearance agreement for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants admit that no information about potential claims against Green Health were disclosed to Legacy Knight but deny that such disclosure was or is required. Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants admit that the Company entered into the Fourth and Fifth Restated Green Health Notes on May 7, 2021. Paragraph 46 contains allegations about the specific terms of the Fourth and Fifth Restated Green Health Notes, the text of which provides the best evidence of those terms. Defendants therefore respectfully refer the Court to the Fourth and Fifth Restated

Saul Ewing, LLP

Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 46.

47.     Paragraph 47 contains allegations relating to the Green Health Notes.  Defendants therefore respectfully refer the Court to the Green Health Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 47, including the allegations relating to Wrigley's "expectation" and intent and, on that basis, deny them.

48.     Paragraph 48 contains allegations relating to the Green Health Notes.  Defendants therefore respectfully refer the Court to the Green Health Notes, as well as the Fourth and Fifth Restated Green Health Notes, for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Legacy Knight's allegation relating to the "justification" for a conversion contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations relating to whether there was a "justification" for specific terms.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 48, including whether the conversion figure was devised by, and for the benefit of, Wrigley and, on that basis, deny the remaining allegations.

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants admit that Bergmann filed a petition for appraisal of his Company common stock in the Delaware Court of Chancery and that the Company entered into the Bergmann Settlement in or around January 2021, but otherwise deny the remaining allegations in Paragraph 50.  Defendants respectfully refer the Court to the Bergmann Settlement for its full

context and meaning and denies the allegations to the extent the allegations conflict with the contents and meaning.

51.     Defendants note that Paragraph 51 contains allegations about the specific terms of the Bergmann Settlement, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Bergmann Settlement for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants admit that on or about January 8, 2021, the Company made an initial $6 million payment to Bergmann.  Defendants otherwise deny the remaining allegations in Paragraph 51.

52.     Defendants note that Paragraph 52, subsections (a) and (b) contain allegations about the specific terms of the Bergmann Settlement and the Bergmann Note, the text of which provides the best evidence of those terms.   Defendants therefore respectfully refer the Court to the Bergmann Settlement and the Bergmann Note for a complete and accurate description of the terms and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants admit that the Company did not state to Legacy Knight that the Company was unable to satisfy its obligations under the Bergmann Debts before Legacy Knight made its $7.4 million investment, but deny that any such inability existed or that Defendants had any such disclosure obligations. Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants admit that, as of June 30, 2021, the Company did not have sufficient funds to make the $13.5 million second payment under the Bergmann Settlement absent additional efforts to raise funds.  Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants admit that the Company issued the PE Fund Note to PE Fund and that the Company subsequently made the second payment under the Bergmann Settlement.  Paragraph

55 contains allegations about the specific terms of the PE Fund Note, the text of which provides the best evidence of those terms. Defendants therefore respectfully refer the Court to the PE Fund Note for a complete and accurate description of the terms and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 55 and, on that basis, deny them.

56.     Paragraph 56 contains allegations relating to the PE Fund Note, Junior Note, and Senior Notes. Defendants therefore respectfully refer the Court to the relevant Notes for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. The allegation in Paragraph 56 that the PE Fund Note constituted a default is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation. Defendants admit that Defendants did not state to Legacy Knight that the PE Fund Note constituted a default, but otherwise deny the remaining allegations in Paragraph 56.

57.     Paragraph 57 contains allegations relating to the Bergmann Settlement. Defendants therefore respectfully refer the Court to the Bergmann Settlement for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants admit that the $13.5 million value of the PE Fund Note, combined with the $2.5 million transaction fee, results in a total value of $16 million. Defendants admit that in June 2021, the Company made a $16 million payment to Bergmann. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants admit that the Company made a $16 million payment to Bergmann in June 2021, and that Bergmann's interest in the Company was held in common stock. Defendants lack sufficient information to admit or deny the allegations in Paragraph 58 relating to Wrigley's

intent and motives and, on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants admit that Wrigley invested more than $10 million in the SAFE, but otherwise deny the allegations contained in the footnote of Paragraph 61.  Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 62 relating to when Legacy Knight was introduced to Wrigley and Holmes and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants admit that Legacy Knight began discussing the SAFE investment with the Defendants in or around August 2021 and that Legacy Knight funded their $7.4 million SAFE investment on September 20, 2021.  The remainder of Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants admit that Holmes and Whitcomb did not disclose the information listed in Paragraph 64, subsections (b) and (c), but deny that any such disclosures were required. Defendants otherwise deny the allegations in Paragraph 64.

65.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 65 relating to a Zoom call with Wrigley and Holmes or the contents of such discussions and, on that basis, deny them.  The remainder of Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 66 relating to discussion with Wrigley and Holmes and, on that basis, deny them.  Defendants deny the remaining allegations in paragraph 66.

67.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 67 relating to a Zoom call with Wrigley and Holmes or the contents of such discussions and, on that basis, deny them.  Defendants admit that on or about August 10, 2021, Holmes sent an e-mail to Sawyer copying Whitcomb and Wrigley and attaching materials related to the SAFE investment.

68.     Paragraph 68 contains allegations relating to the "August 2021 Company Overview:  Parallel / Ceres Acquisition Corp. SPAC Transaction" presentation.  Defendants therefore respectfully refer the Court to the "August 2021 Company Overview:  Parallel / Ceres Acquisition Corp. SPAC Transaction" presentation for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants lack sufficient information to admit or deny the allegations relating to the conduct of Wrigley and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 68.

69.     Paragraph 69 contains allegations relating to the "August 2021 Company Overview:  Parallel / Ceres Acquisition Corp. SPAC Transaction" presentation.  Defendants therefore respectfully refer the Court to the "August 2021 Company Overview:  Parallel / Ceres Acquisition Corp. SPAC Transaction" presentation for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants admit that in October 2021, the Company revised the projections for Projected 2022 Net Revenue and Projected 2022 Adjusted EBITDA downward by approximately 20 and 40 percent, respectively, and then by an additional 25 and 43 percent in January 2022.  Defendants further admit that by January 2022, the Company had lowered its revenue projections for 2022 by approximately 41%

Saul Ewing, LLP

16

and its EBITDA projections by approximately 66%.  Defendants otherwise deny the remaining allegations in Paragraph 69.

70.     Paragraph 70 contains allegations relating to an August 13, 2021 e-mail from Sawyer to Holmes. Defendants therefore respectfully refer the Court to the e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

71.     Paragraph 71 contains allegations relating to an August 16, 2021 e-mail from Sawyer to Holmes. Defendants therefore respectfully refer the Court to the e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants lack sufficient information to admit or deny the allegation in Paragraph 71 relating to Sawyer's Zoom call with Company executives and, on that basis, deny them.

72.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 72 relating to discussion with Wrigley and Holmes and, on that basis, deny them. Defendants admit that the Company's board approved increasing the SAFE amount above $50 million and the SPAC valuation was reduced. Defendants otherwise deny the remaining allegations in Paragraph 72.

73.     Defendants admit that Sawyer and Holmes and Whitcomb had a Zoom call about the SAFE Agreement and investment, and that Holmes and Whitcomb said the SPAC transaction might not be consummated.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants admit that Sawyer and Holmes and Whitcomb had a Zoom call and reviewed the Company's financial plans.  Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit that Holmes and Whitcomb walked Legacy Knight through the Company's financial plans.  Defendants deny the remaining allegations in Paragraph 75.

Saul Ewing, LLP

76.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 76 relating to discussions between Sawyer and Holmes and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 76.

77.     Paragraph 77 contains allegations relating to an August 25, 2021 e-mail from Sawyer to Holmes. Defendants therefore respectfully refer the Court to the August 25, 2021 e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

78.     Paragraph 78 contains allegations relating to an August 30, 2021 e-mail from Holmes to Sawyer and an email from Sawyer to Holmes and Whitcomb from Holmes to Sawyer and an email from Sawyer to Holmes and Whitcomb. Defendants therefore respectfully refer the Court to the August 30, 2021 e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

79.     Paragraph 79 contains allegations relating to an August 30, 2021 e-mail from Whitcomb to Sawyer and Holmes. Defendants therefore respectfully refer the Court to the August 30, 2021 e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 80 relating to call with Sawyer and Holmes and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 80.

81.     Paragraph 81 contains allegations relating to an e-mail on or about September 2, 2021 from Holmes to Sawyer and a spreadsheet entitled "M&A Analysis." Defendants therefore respectfully refer the Court to the September 2, 2021 e-mail and the "M&A Analysis" for its full

Saul Ewing, LLP

context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants deny the remaining allegations in Paragraph 81.

82.    Paragraph 82 contains allegations relating to an September 13, 2021 e-mail from Holmes to Sawyer and Whitcomb. Defendants therefore respectfully refer the Court to the September 13, 2021 e-mail for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants deny the remaining allegations in Paragraph 82.

83.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 83 relating to what Legacy Knight relied on and, on that basis, deny them. Defendants admit that on September 13, 2021, Legacy Knight transmitted a signed version of the SAFE Agreement. Defendants otherwise deny the allegations in Paragraph 83.

84.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 84 relating to what Legacy Knight's understanding and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 84.

85.    Defendants lack sufficient information to admit or deny the allegation relating to what Legacy Knight relied on and/or what induced it to consent to execute the SAFE and to deposit the funds and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 85.

86.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 86 relating to communications between Holmes and Sawyer and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 86.

87.    Defendants admit that SAFE stands for Simple Agreement for Future Equity. Defendants lack sufficient information to admit or deny the allegations in Paragraph 87 regarding

Saul Ewing, LLP

how other SAFE Agreements "generally" or "often" operate and, on that basis, deny those allegations.

88.     Defendants admit the allegations in Paragraph 88.

89.     Paragraph 89 and subsections (a) through (d) contain allegations about the specific terms of the SAFE, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the SAFE for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

90.     Paragraph 90 contains allegations about the specific terms of the SAFE, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the SAFE for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 90.

91.     Paragraph 91 contains allegations about the specific terms of the SAFE, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the SAFE for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 91.

92.     Paragraph 92 contains allegations about the specific terms of the SAFE, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the SAFE for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants admit that Legacy Knight was provided with risk disclosures in connection with their SAFE investment.  Paragraph 93 contains allegations about the specific terms of risk disclosures, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to this document for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants lack sufficient information to admit or deny the allegations in Paragraph 93 relating to what "would have stopped Plaintiff from investing" and, on that basis, deny the allegations.  The remaining allegations in Paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 93.

94.     Paragraph 94 contains allegations about the specific terms of the risk disclosures, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the document for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 94 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 relating to the Company's incurring of defaults are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants deny the remaining allegations in Paragraph 96.

97.     Defendants admit that PE Fund sent a default notice to the Company on November 29, 2021.  Defendants respectfully refer the Court to this notice for its full context and meaning and deny the allegations in Paragraph 97 to the extent they conflict with these documents.  The

Saul Ewing, LLP

21

remaining allegations in Paragraph 97 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants admit that Talladega LP sent the Junior Lien Notice to the Company on December 16, 2021.  Defendants respectfully refer the Court to the Junior Lien Notice for its full context and meaning and deny the allegations in Paragraph 98 to the extent they conflict with this document.  The remaining allegations in Paragraph 98 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 98.

99.     Paragraph 99 contains allegations about the specific terms of the Junior Lien Notice and various loan agreements, the text of which provides the best evidence of those terms. Defendants therefore respectfully refer the Court to the Junior Lien Notice and the loan agreements for their full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  The remaining allegations in Paragraph 99 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 99.

100.    Paragraph 100 contains allegations about the specific terms of the Forbearance Agreement, the text of which provides the best evidence of those terms.  Defendants therefore respectfully refer the Court to the Forbearance Agreement for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants admit that, on October 1, 2021, an email was sent to investors on behalf of Wrigley.  Paragraph 101 contains allegations relating to that email.  Defendants therefore

respectfully refer the Court to the email for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.

102.    Paragraph 102 contains allegations relating to an October 1, 2021 email. Defendants therefore respectfully refer the Court to the email for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning. Defendants admit that Sawyer conveyed to Holmes and Whitcomb that it was important to the Legacy Knight that Wrigley also invest in the SAFE. Defendants lack sufficient information to admit or deny the allegation relating to Wrigley's knowledge and/or subjective feelings and, on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants admit that Wrigley invested $10.6 million in the SAFE.  Defendants further admit that the Company made a $3 million payment on the principal of the PE Fund Note. Defendants lack sufficient information to admit or deny the allegations relating to Wrigley's motive and/or intent and, on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 103.

104.    Defendants are unable to respond to the allegations in Paragraph 104 because the allegation that an undisclosed fact "completely altered the landscape of the investment" is vague, ambiguous, and a matter of opinion.  To the extent that a response is required, Defendants deny the allegations in Paragraph 104.

105.    Defendants admit that, on or around December 1, 2021, PWP informed TradeInvest Asset Management Company that the year-end interest payment on the Senior Notes would not be paid.[1] Defendants deny the remaining allegations in Paragraph 105.

---

[1]  Defendants admit that on March 8, 2022, TradeInvest and other plaintiffs filed suit against the Defendants and others alleging, *inter alia*, violations of the Securities Exchange Act of 1934 relating to the SAFE investment.

Saul Ewing, LLP

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants lack sufficient knowledge to admit or deny the allegations relating to what Sawyer learned from Holmes and Wrigley and, on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 108.

109.    Based on information and belief, Defendants admit that Sawyer and Whitcomb had a call on or around January 20, 2022.  Defendants deny Legacy Knight's characterization of the call, and therefore deny the remaining allegations in Paragraph 109.

110.    Defendants admit that Legacy Knight was granted access to PWP's data room in January 2022.  Paragraph 110 contains allegations relating to a document titled "Capital Structure and Waterfall Information."   Defendants therefore respectfully refer the Court to the "Capital Structure and Waterfall Information" document for its full context and meaning and deny the allegations to the extent the allegations conflict with the contents and meaning.  Defendants lack sufficient knowledge to admit or deny the allegations relating to what Legacy Knight would have done in a counterfactual scenario and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants admit that a document containing the copied excerpt in Paragraph 111 was uploaded to the data room.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that the Company made a $3 million payment on the principal of the PE Fund Note. Defendants otherwise deny the allegations in Paragraph 113.

---

Defendants deny that the claims have any merit.. Defendants admit that that case (No. 22-CV-80360-AMC) is currently pending in this Court.

Saul Ewing, LLP

114.     Defendants deny the allegations in paragraph 114.

115.     Paragraph 115 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegations relating to what Legacy Knight believed and/or relied upon and/or whether Legacy Knight would not have agreed to invest in the SAFE and, on that basis, deny those allegations. Defendants otherwise deny the allegations in Paragraph 115.

116.     Paragraph 116 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Wrigley, Holmes, and Whitcomb were officers of the Company.  Defendants lack sufficient knowledge to admit or deny the allegations relating to what Legacy Knight relied upon and/or whether Legacy Knight was in a position to know certain information and, on that basis, deny those allegations.  Defendants otherwise deny the remaining allegations in Paragraph 116.

117.     Paragraph 117 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118.     Paragraph 118 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 118.

119.     Defendants admit that Legacy Knight invested $7.4 million in the SAFE. Defendants lack sufficient knowledge to admit or deny the allegation relating to whether Legacy Knight would not have invested in the SAFE in a counterfactual situation and, on that basis, deny the allegation.  The remaining allegations in Paragraph 120 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 119.

Saul Ewing, LLP

120.    Paragraph 120 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    Defendants lack sufficient knowledge to admit or deny the allegations relating to what Legacy Knight deems appropriate to "represent its interests" or whether it "has agreed to pay counsel a reasonable fee, and on that basis, deny those allegations.

122.    Defendants incorporate their responses set forth above to the preceding paragraphs.

123.    Defendants admit that Legacy Knight has brought a cause of action against the Securities Defendants for violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, but deny that such claim has any merit.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Paragraph 126 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegations relating to what Legacy Knight relied on and/or knew, and/or whether Legacy Knight would not have made the SAFE investment and, on that basis, deny those allegations.  Defendants otherwise deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants incorporate their responses set forth above to the preceding paragraphs.

129.    Defendants admit that Legacy Knight has brought a cause of action against Wrigley, Holmes, and Whitcomb for violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78(a), but deny that such claims have any merit.

130.    Paragraph 130 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Wrigley, Holmes, and Whitcomb held

Saul Ewing, LLP

positions as officers and directors of the Company, but otherwise deny the allegations in Paragraph 130.

131.    Paragraph 131 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132.    Paragraph 132 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 132.

133.    Defendants deny the allegation in Paragraph 133.

134.    Defendants deny the allegation in Paragraph 134.

135.    Defendants incorporate their responses set forth above to the preceding paragraphs.

136.    Defendants admit that the address under Whitcomb's signature on the SAFE was in Atlanta, Georgia.  The remaining allegations in Paragraph 136 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 136.

137.    Defendants admit that Legacy Knight has brought a cause of action pursuant to Section 10-5-58 of the Georgia Code against the Defendants, but deny that the claim has merit. Legacy Knight's allegation that it is not required to allege that the Defendants acted with scienter or fraudulent intent contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny this allegation.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants incorporate their responses to the allegations that Paragraph 139 implicitly references, and otherwise deny the allegations in Paragraph 139.

140.    Paragraph 140 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegation

Saul Ewing, LLP

relating to whether Legacy Knight would not have invested in the SAFE and what Legacy Knight relied on and, on that basis, denies the allegation.  Defendants otherwise deny the allegations in Paragraph 140.

141.    Paragraph 141 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142.    Defendants incorporate their responses set forth above to the preceding paragraphs.

143.    Defendants admit that Legacy Knight has brought a cause of action pursuant to Section 10-5-58(g) of the Georgia Code against Wrigley, Holmes, and Whitcomb, but deny that the claim has merit.  Legacy Knight's allegation that they are not required to allege that Wrigley, Holmes, and Whitcomb acted with scienter or fraudulent intent contains conclusion of law to which no response is required.   To the extent a response is required, Defendants deny this allegation.

144.    Paragraph 144 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145.    Paragraph 145 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Wrigley, Holmes, and Whitcomb were officers and/or directors of the Company, but otherwise deny the remaining allegations in Paragraph 145.

146.    Paragraph 146 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 146.

147.    Paragraph 147 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants incorporate their responses set forth above to the preceding paragraphs.

Saul Ewing, LLP

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Paragraph 154 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegation relating to what Legacy Knight relied on and/or knew and, on that basis, deny the allegation. Defendants otherwise deny the allegations in Paragraph 154.

155.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 155 relating to what Legacy Knight knew and, on that basis, deny the allegation.  Defendants otherwise deny the allegations in Paragraph 155. and, on that basis, deny the allegations.

156.    Paragraph 156 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157.    Defendants incorporate their responses set forth above to the preceding paragraphs.

158.    Paragraph 158 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 contains conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

Saul Ewing, LLP

163.     Defendants deny the allegations in Paragraph 163.

## **PRAYER FOR RELIEF**

164.     Defendants deny that the headings and the prayers for relief contained in the Complaint constitute allegations of fact, and deny them to the extent they are considered as such. Defendants deny that Legacy Knight is entitled to the relief sought in their Prayer for Relief, and further deny that Legacy Knight is entitled to any relief whatsoever. As such, Defendants deny the allegations in Paragraph 164.

165.     Defendants deny that Legacy Knight is entitled to the relief sought in their Prayer for Relief, and further deny that Legacy Knight is entitled to any relief whatsoever. As such, Defendants deny the allegations in Paragraph 165.

## **DEMAND FOR JURY TRIAL**

Defendants deny that Legacy Knight's demand for a jury trial is an allegation of fact to which a response is required.

Saul Ewing, LLP

## **SEPARATE DEFENSES**

By designating the following defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by their denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Defendants to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses.  Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

Without admitting any wrongful conduct on the part of Defendants and without conceding that they have the burden of proof on any of the following defenses, Defendants assert the following defenses to the Complaint and reserve the right to add, alter and/or amend their defenses and affirmative defenses as the course of discovery so requires.

### **First Defense**

(Failure to State a Claim for Relief)

Legacy Knight's claims for relief are barred, in whole or in part, because they fail to state a claim against Defendants upon which relief may be granted.

### **Second Defense**

(Doctrine of Laches)

Legacy Knight's claims for relief are barred, in whole or in part, by the doctrine of laches.

### **Third Defense**

(Standing)

Legacy Knight's claims for relief are barred, in whole or in part, insofar as Legacy Knight lacks standing to assert the claims alleged in this action.

Saul Ewing, LLP

## Fourth Defense

### (Failure to Use Due Care)

Legacy Knight's claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, the failure to use due care or the failure to exercise appropriate due diligence.

## Fifth Defense

### (Bespeaks Caution Doctrine and Forward-Looking Statements)

Legacy Knight's claims for relief are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution and/or were forward-looking statements and/or contained sufficient cautionary language and risk disclosure as to be non-actionable under the PSLRA.

## Sixth Defense

### (No Material Misrepresentation)

Legacy Knight's claims for relief are barred, in whole or in part, because the public filings, registration statements, and written and oral statements by SH Parent, Inc. did not contain any actionable misrepresentations or omissions, all statements alleged to have been made had a reasonable basis in fact, and because any alleged misrepresentations or omissions were not material.

## Seventh Defense

### (No Scienter/Culpable Participation)

Legacy Knight's claims for relief are barred in whole or in part because Legacy Knight has failed to allege, and cannot prove, any facts showing that Defendants acted with the requisite scienter or culpably participated in the alleged misconduct.

Saul Ewing, LLP

### Eighth Defense

(Good Faith)

Legacy Knight's claims for relief are barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters contained therein, Defendants acted in good faith and exercised reasonable care and diligence and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action in the Complaint that allegedly give rise to liability.  At all relevant times, Defendants acted without intent to defraud and without recklessness or negligence, and did not directly or indirectly induce the acts constituting alleged violations of Section 10(b) and Rule 10b-5.

### Ninth Defense

(Public Disclosure)

Legacy Knight's claims for relief are barred, in whole or in part, because Defendants are not liable to Legacy Knight for any claims based on alleged misrepresentations or omissions that were publicly disclosed or were in the public domain and thus were available to Legacy Knight.

### Tenth Defense

(Actual or Constructive Knowledge)

Legacy Knight's claims for relief are barred, in whole or in part, because Defendants are not liable to Legacy Knight for any claims based on alleged misrepresentations or omissions for which Legacy Knight and/or its agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

### Eleventh Defense

(No Reasonable Reliance)

Legacy Knight's claims for relief are barred, in whole or in part, because at all relevant times Legacy Knight and/or its purported agents did not reasonably rely on any material

misrepresentations or omissions, or on the price of SH Parent, Inc.'s securities as affected by any alleged misrepresentations or omissions, in purchasing SH Parent, Inc. securities.

## Twelfth Defense

### (No Causation of Violation)

Legacy Knight's claims for relief are barred, in whole or in part, because Defendants did not directly or indirectly cause the alleged violations complained of in the Complaint.

## Thirteenth Defense

### (No Loss Causation)

Legacy Knight's claims for relief are barred, in whole or in part, because Legacy Knight cannot show loss causation.

## Fourteenth Defense

### (No Economic Loss)

Legacy Knight's claims for relief are barred, in whole or in part, because Legacy Knight suffered no economic loss.

## Fifteenth Defense

### (Failure to Mitigate Damages)

Any damage, loss, or liability sustained by Legacy Knight (which Defendants deny) must be reduced, diminished, and/or barred in proportion to Legacy Knight's failure to mitigate, reduce, or otherwise avoid any alleged damages.

## Sixteenth Defense

### (Duplicative Recovery)

Any damage, loss, or liability sustained by Legacy Knight (which Defendants deny) must be reduced, diminished and/or barred to the extent Legacy Knight seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

Saul Ewing, LLP

Case No.  9:22-cv-81569-AMC

## Seventeenth Defense

(Proportionate Reduction of Judgment)

Any judgment against Defendants must be reduced, diminished, and/or barred in proportion to the percentage of responsibility, if any, assessed by the jury as to Defendants pursuant to the PSLRA, 15 U.S.C. § 78u-4, principles of equitable allocation, recoupment, set off, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

## Eighteenth Defense

(Fraud of Others)

If the allegations in the Complaint are true (which Defendants deny), then Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others, in that information relating to SH Parent, Inc. and related entities was not provided to Defendants and/or was knowingly concealed from Defendants.

## RESERVATION OF RIGHTS

Defendants reserve the right to add additional defenses as they become known during the course of this litigation, consistent with the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants respectfully seek judgment as follows:

A.      That Plaintiff takes nothing by virtue of the Complaint;

B.      That Plaintiff's claims against Defendants are dismissed with prejudice;

C.      That Defendants be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.      For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial.

Saul Ewing, LLP

Case No. 9:22-cv-81569-AMC

Dated: October 23, 2023

By: /s/ *Steven M. Dickstein*
                           **Hilda Piloto**
Florida Bar No. 0154120
**Steven M. Dickstein**
Florida Bar No. 1010439
**Jeffrey Gilbert**
Florida Bar No. 375411
701 Brickell Avenue, 17th Floor
Miami, FL 33131
(T): (305) 428-4500
E-mail address:
hilda.piloto@saul.com
steven.dickstein@saul.com
jeffrey.gilbert@saul.com
mia-ctdocs@saul.com

**Casey T. Grabenstein (*pro hac vice*)**
161 N. Clark St., Suite 4200
Chicago, IL 60601
(T): (312) 876-7100
(F): (312) 876-0288
casey.grabenstein@saul.com

**John F. Stoviak (*pro hac vice*)**
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(T): (610) 251-5050
(F): (610) 651-5930
john.stoviak@saul.com

***Attorneys for SH Parent, Inc. d/b/a Parallel, Surterra Holdings, Inc., and James Whitcomb***

Saul Ewing, LLP